UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN T. WILLIAMS,

                Plaintiff,

-against-

UNITED STATES OF AMERICA, et al.,

                Defendants.

1:19-CV-1630 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who filed this action *pro se*, is barred under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), from filing any federal civil action *in forma pauperis* ("IFP") while he is a prisoner. *See Williams v. Bank United*, ECF 1:17-CV-1386, 3 (N.D. Ga. May 4, 2017), *report & recommendation adopted*, 1:17-CV-1386, 6 (N.D. Ga. May 30, 2017) (recognizing Plaintiff as barred under § 1915(g)). Under § 1915(g):

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This filing bar applies to a federal civil action brought by Plaintiff in which he seeks to proceed IFP – even if he is no longer a prisoner – so long as he was a prisoner at the time that he filed the complaint commencing that action. *See Gibson v. City Municipality of N.Y.*, 692 F.3d 198, 201 (2d Cir. 2012) ("[T]he relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'") (citation omitted).

Plaintiff did not submit an IFP application or prisoner authorization with his complaint. But he did not pay the relevant fees to bring the action. The Court therefore construes Plaintiff's complaint as seeking IFP status.

Plaintiff does not identify himself as a prisoner in his complaint; he only provides a residential address. But in an order in another of Plaintiff's actions issued shortly after Plaintiff signed his complaint for this action, the Court noted that Plaintiff was in the custody of the Federal Bureau of Prisons (BOP), in a residential reentry center, or "halfway house." *See Williams v. United States*, ECF 1:19-CV-0837, 3, p. 1 (S.D.N.Y. Feb. 7, 2019), *vacated on other grounds*, ECF 1:19-CV-0837, 7 (S.D.N.Y. Apr. 3, 2019). Thus, it appears that at the time Plaintiff filed his complaint for this action – on or about January 15, 2019, which is the date that he signed it – Plaintiff was in BOP custody in a residential reentry center, or "halfway house."[1]

Section 802 of the PLRA, which governs remedies with respect to suits about prison conditions, defines "prison" as "any Federal, State, or local facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 18 U.S.C. § 3626(g)(5). "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or [a]diversionary program." 28 U.S.C. § 1915(h); 42 U.S.C. § 1997e(h).

According to the BOP website, "[t]he BOP contracts with residential reentry centers (RRCs), also known as halfway houses, to provide assistance to inmates who are nearing

---

[1] According to the BOP's website, www.bop.gov, the BOP released Plaintiff from its custody on March 27, 2019.

release," and "[p]re-release inmates at an RRC remain in Federal custody while serving a sentence imposed by a U.S. District Court or DC Superior Court." *See* https://www.bop.gov/about/facilities/residential_reentry_management_centers.jsp.

Plaintiff was therefore a prisoner for the purposes of the PLRA at the time that he filed his complaint. *See Ruggiero v. Cnty. of Orange*, 467 F.3d 170, 175 (2d Cir. 2006) ("§ 1997e includes within its ambit all facilities in which prisoners are held involuntarily as a result of violating the criminal law" (citing *Witzke v. Femal*, 376 F.3d 744, 753 (7th Cir. 2004) ("[A] correctional institution is a generic term describing prisons, jails, reformatories, and other places of correction and detention.") (internal quotation marks and citation omitted)).

Plaintiff fails to show that he was under imminent danger of serious physical injury at the time that he filed the complaint.[2] Instead, Plaintiff sues the United States of America and other parties and asserts claims arising from his arrest and criminal prosecution. Plaintiff is therefore barred under § 1915(g) from proceeding in this action IFP. The Court therefore dismisses this action without prejudice.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury.[4] *See id.*

---

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] Plaintiff may commence a new federal civil action by paying the relevant fees.

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 26, 2019
       New York, New York

                                      COLLEEN McMAHON
                                    Chief United States District Judge

---

civil actions in this Court (even if the relevant fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).